WILLIAM H. H. DAVIS v. THE MICHIGAN BELL TELEPHONE COMPANY.

*Negligence—Injury caused by defective sidewalk—Defendant held not responsible, for reasons stated in head-note.*

Defendant opened a telephone station in a store in a village, and employed the owner as agent, allowing him a percentage on the receipts as compensation for his services, but had no control of the premises. The "ground wire" was attached to an iron rod driven into the earth at the inner edge of the sidewalk beside the store window, some months before, for telegraph purposes, at which time a plank in the sidewalk was removed, and when replaced was not fastened down, and, by reason of the rod and wire, projected a few inches *into* the street beyond the *outer edge* of the sidewalk. Defendant's employees, in making said attachment, removed this loose plank, and replaced it in its former position. Some time afterwards plaintiff, in alighting from his buggy, stepped upon the end of the plank, which flew up, striking him violently in the face and injuring him quite severely.

· *Held*, that defendant was not responsible for the accident. · It did nothing to *create* the danger, and had no duty to perform in regard to a sidewalk on premises over which it had no authority or supervision; and that any principle that would impose liability in such a case would hold an individual liable for future mischief from any plank or other thing which he may intentionally or casually have disturbed, and put back again where he found it.

Error to Kent. (Montgomery, J.) Argued April 27, 1886. Decided May 6, 1886.

Case. Plaintiff brings error. Affirmed. The facts are stated in the head-note.

*Fred A. Maynard* and *Lincoln B. Livingston*, for apellant:

If there was any testimony tending to show defendant's liability the case should have been submitted to the jury: *Marcott v. M. H. & O. R. R. Co.*, 47 Mich. 1.

The owner of land fronting on a highway has a right to its use to the center of the highway, subject to the public right, in any way which does not obstruct the public travel; but if he so uses it as to make it dangerous for travel, he is responsible to any private person who sustains injuries thereby.

The owner in possession, and the occupant of the premises, are responsible for any injuries resulting from imperfect construction of a sidewalk, or openings in it, or from the sidewalk becoming out of repair and dangerous; and any such opening or excavation which makes the sidewalk or highway less safe for public travel is a nuisance, and the person who created or *continues* the nuisance is liable, irrespective of the question of negligence: 2 Dillon, Municipal Corporations (2d ed.) § 794; *Dygert v. Schenck*, 23 Wend. 445; *Congreve v. Smith*, 18 N. Y. 79; *Congreve v. Morgan*, Id. 84; *Irvine v. Wood*, 51 Id. 224; *Davenport v. Ruckman*, 37 Id. 574; *Clifford v. Dam*, 81 Id. 52; *Fisher v. Thirkell*, 21 Mich. 1; *Perley v. Chandler*, 6 Mass. 453; *City of Lowell v. Short*, 4 Cush. 277; *Stephani v. Brown*, 40 Ill. 428; *Severin v. Eddy*, 52 Id. 189; *Gridley v. City of Bloomington*, 68 Id. 47; *City of Portland v. Richardson*, 54 Me. 46; *Robbins v. City of Chicago*, 4 Wall. 657; *Inhabitants of Stoughton v. Porter*, 95 Mass. 191.

Upon the facts in this case, defendant became in all respects subject to the same liabilities as any tenant, in so far as it occupied the premises.

This case stands on a very different footing from one where the plank had become loose by accident, or wear and decay, in which case only the party on whom the obligation to repair rests would be responsible for injuries.

It is exactly similar to a case where an opening is made in the sidewalk for the purpose of taking coal or wood into the cellar and the cover improperly constructed or fastened. The owner is responsible in a case where he leases property with such a nuisance in the highway, and the tenant or occupant becomes also responsible when he takes possession and uses the premises in their defective condition. It is no defense to an action against a tenant or occupant of premises for such a defect in the highway that the premises were out of repair

and dangerous when he took possession : *Coupland v. Hard-ingham* (Thompson on Negligence, p. 327); *Davenport v. Ruckman*, 37 N. Y. 574; *Irvine v. Wood*, 51 N. Y. 229.

Every continuance of a nuisance is in law a fresh nuisance : *Vedder v. Vedder*, 1 Denio, 257; *Brown v. the. Cayuga & Susquehanna R. R. Co.*, 12 N. Y. 486; *Wasmer v. Del., Lacka. & West'n R. R. Co.*, 80 Id. 212.

" There can be no doubt that a person may be held liable for maintaining an obstruction which constitutes a defect in a highway whereby a traveler receives injuries, although he did not himself place it in the street. If he makes any use of an erection placed by others on his premises, such use is certainly evidence tending to show that he adopts and maintains it. Whether such use is sufficient to show that he did adopt and maintain it is for the jury to determine upon all the circumstances of the case. It certainly is not necessary that the injury should result from the particular use which the defendant made of the obstruction :" *Inhabitants of Stoughton v. Porter*, 95 Mass. (13 Allen) 191.

*Wm. H. Wells* and *Ashley Pond*, for defendant :

There was no evidence that the act of defendant was negligent, or that it occasioned the injury.

The act of the defendant in connecting the ground wire of the instrument with the rod driven into the ground at the side of the building, in order safely to dispose of excessive electric currents, was not in itself unlawful.

If the street had been a legal highway, it was one of the purposes for which the owner or occupant of adjacent property could lawfully use it.

The use of a highway in connection with contiguous property is not *per se* a nuisance. It becomes a nuisance if it causes an unreasonable obstruction to travel, or is perilous in itself ; or if the manner of use is negligent: *Fisher v. Thirkell*, 21 Mich. 1.

If one places an obstruction in a highway, or makes an excavation in it, or otherwise makes use of it for private ends, his duty is to restore it to its former condition. This is all the public can require of him : *Dygert v. Schenck*, 23 Wend. 446 ; Wood's Law of Nuisance, § 276.

The defendant's act was not a malfeasance, because it was lawful in itself, and did not cause an impairment of the former condition of the walk.

The effort of counsel was to bring the case within *Fisher*

*v. Thirkell*, 21 Mich. 1, but manifestly there was no tenancy whatever.

CAMPBELL, C. J.   Plaintiff sued defendant for a personal injury, which is charged in the declaration as the result of defendant's carelessness in taking up a sidewalk plank, and not fastening it, whereby, when it was stepped on, it flew up and injured plaintiff.

The facts were that defendant set up its instruments in the drug store of one Loomis, in the village of Sparta, Kent county, and he became its agent.   The wires passed into the store at the inner end of the sidewalk, where there was an iron post just below the level of the plank, to which an attachment was made for some purpose connected with the working of the instruments.   This post was already there when the arrangements were made.   To reach it a plank had to be lifted up, which was already loose, and it was put back, and left in the same condition, with the outer end projecting somewhat beyond the other plank.

In September, 1883, some months after the wires were fastened, plaintiff drove up beside the walk, and stepped upon the end of this loose plank, which flew up in his face, broke his nose, and otherwise injured him.

Defendant did not own or control the store, and had nothing to do with maintaining the sidewalk in order.   The walk was left by defendant in the same condition in which it was found. Under such circumstances it is impossible to hold defendant responsible for the accident.   It did nothing to create the danger, and had no duty to perform in regard to a walk on premises over which it had no authority or supervision.   The court below so ruled, and there was no error in the ruling. Any principle that would impose liability in such a case would hold any individual liable for future mischief from any plank or other thing which he may intentionally or casually have disturbed, and put back again where he found it. The doctrine has no foundation in reason.

The judgment must be affirmed.

The other Justices concurred.